UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

NAKITA BRIM

        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
IVAN TORRES [SHIELD NO.13032], POLICE
OFFICER MARVIN TURNBULL [SHIELD
NO. 13258], PRECINCT SERGEANT "JANE DOE",
POLICE OFFICER "JOHN DOE", INDIVIDUALLY,
AND IN THEIR OFFICIAL CAPACITIES,
(the names Jane and John Doe being fictitious, as the
true names are presently unknown),

        Defendants.

-------------------------------------------------------------------

**COMPLAINT**

Civil Action No.:

**JURY TRIAL DEMANDED**

CV 14 7459

FILED
CLERK
2014 DEC 23 PM 12: 24
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

INSTEIN
MANN, M.J.

Plaintiff, **NAKITA BRIM**, by and through her attorney(s), **The Law Office of Vladimir Rene, P.C.**, complaining of the defendants herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action seeking relief for the Defendants' violation of his rights, as secured by the Civil Rights Act of 1871 and codified under 42 U.S.C. § 1981 and 42 U.S.C. §1983; by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States; and by the laws and Constitution of the State of New York.

## JURISDICTION

2. This Court has jurisdiction based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

3. Plaintiff also invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1367 over all state law claims as against all parties that are related to claims in this action

within the original jurisdiction of this court that they form part of the same case or controversy.

## VENUE

4. Venue is properly laid within the Eastern District of New York under U.S.C. § 1391 (a), (b), (c), in which the claims arise.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, NAKITA BRIM, is a forty-two year old African American female who has been a resident of the City and State of New York at all relevant times.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York Police Department, a duly authorized public authority to perform all functions of a police department according to the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the municipal corporation, THE CITY OF NEW YORK.

9. The individually named defendants, POLICE OFFICER IVAN TORRES, SHIELD NO. 13032, POLICE OFFICER MARVIN TURNBULL, SHIELD NO. 13258, PRECINCT SERGEANT "JANE DOE", and POLICE OFFICER "JOHN DOE", (hereinafter "defendant officers") are and were at all relevant times duly sworn police officers, of the 869 Command, 32 Transit District of the NYPD, acting under color of state law in the course and scope of their duties and functions as officers, agents, employees, and servants under the direction and supervision of THE CITY OF NEW YORK and according to their official duties.

10. At all relevant times, the individually named defendants are sued in their individual and official capacities.

## FACTS

11. On September 24, 2013, at approximately 12:30 am Plaintiff, NAKITA BRIM was lawfully present inside a store located at 909 Livonia Avenue, in the County of Kings, State of New York.

12. Defendants POLICE OFFICER IVAN TORRES and POLICE OFFICER MARVIN TURNBULL were also present inside of said location.

13. While Plaintiff entered said location, POLICE OFFICER IVAN TORRES called Plaintiff a "Bitch" as Plaintiff passed defendant officers.

14. Plaintiff responded by stating, "a bitch had you", then defendant officers placed handcuffs on Plaintiff's hands and falsely arrested Plaintiff without probable cause; and Plaintiff was transported to the 869 Command, 32 Transit District Precinct also located in the vicinity of Franklin Avenue and Carroll Street in Brooklyn, New York.

15. Upon arrival to the 869 Command, 32 Transit District Precinct, PRECINCT SERGEANT JANE DOE informed Plaintiff that she was going to be issued a summons for disorderly conduct, and Plaintiff was placed into a cell by herself.

16. After Plaintiff was placed into the cell, Defendant Officers locked the cell behind Plaintiff.

17. Plaintiff then informed Defendant Police Officers Turnbull and Torres that she recognized Officer Turnbull from "buying pussy on Williams Street"---paying a prostitute.

18. Defendant Turnbull rose from his chair and approached Plaintiff's cell.

19. Defendant Torres also approached Plaintiff's cell; then the cell was opened and Defendant Officer Turnbull punched Plaintiff in the face, Defendant Officer Torres

grabbed Plaintiff's throat and neck area, and forcefully pushed Plaintiff's face on the cell bars.

20. Defendant Torres forcefully threw Plaintiff to the ground of the cell, where Plaintiff's face hit the concrete floor and Defendant Officer Torres kept his hands around Plaintiff's neck where Plaintiff could not turn her head while Plaintiff continued to be assaulted.

21. Plaintiff screamed, yelled and cried for help until Defendant Officers stopped, then Plaintiff stood up from the floor and asked to be taken to the hospital; Plaintiff was taken to Kings County Hospital.

22. Plaintiff suffered pain to Plaintiff's head, swollen face, swollen hand, abrasions and marks about the body.

23. The same Defendant Officers, Turnbull and Torres, along with POLICE OFFICER JOHN DOE transported Plaintiff to and from Kings County Hospital.

24. Defendant Officer Turnbull threatened to assault Plaintiff again on their return back to the precinct from Kings County Hospital.

25. Plaintiff was returned into the jail cell after coming from the hospital, and defendant officers left the handcuffs around Plaintiff's hands and left the shackles around Plaintiff's legs.

26. Plaintiff requested to use the bathroom but in spite of her request, Plaintiff could not hold her urine any longer and was forced to urinate in the cell. Meanwhile, defendant officers laughed at Plaintiff.

27. Plaintiff did hand money to a police officer to purchase food for her while in the cell; Plaintiff was later eventually taken to central booking, and arraigned.

28. Plaintiff was released on her own recognizance at approximately 3 o'clock in the afternoon.

29. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees.

30. An examination of Plaintiff, pursuant to New York General Municipal Law §50-h, was held on or about April 30, 2014.

31. All of the above mentioned acts of the defendants, their agents, employees, and servants were carried out under the color of state law.

32. As a result of the actions stated above, Plaintiff sustained physical injury, loss of liberty, extreme inconvenience, mental anguish, anxiety, apprehension, fear, embarrassment, humiliation, and recurring headaches.

33. Plaintiff also suffered deprivation of her constitutional right to be free from unreasonable search and seizure of his person pursuant to the Fourth Amendment of the United States Constitution and Article 1 §12 of the New York State Constitution; her right not to be deprived of her liberty without the due process of the law pursuant to the Fifth and Fourteenth Amendments of the United States Constitution.

34. The actions stated above violated 42 U.S.C. § 1983, because it deprived Plaintiff of the rights, privileges and immunities guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States to its citizens.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Federal Civil Rights under 42 U.S.C. §1981 and 42 U.S.C. §1983)

35. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants, and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived Plaintiff, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1981 and 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/ or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/ authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/ Unlawful Imprisonment under 42 U.S.C. §1983)

42. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants detained Plaintiff without probable cause, causing Plaintiff to be unlawfully imprisoned and /or to be falsely arrested against her will.

44. As a result of the foregoing conduct, Plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

45. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. §1983)

46. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants used excessive force on Plaintiff, which was unreasonable and otherwise in violation of Plaintiff's constitutional rights.

48. As a result of defendants' conduct, Plaintiff suffered physical pain, mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

49. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. §1983)

50. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants initiated, commenced and continued a malicious prosecution against Plaintiff.

52. Defendants caused Plaintiff to be prosecuted without any probable cause.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. §1983)

53. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants initiated the criminal process against Plaintiff by causing Plaintiff's arrest and prosecution in Kings County Criminal Court.

55. Defendants arrested Plaintiff and caused Plaintiff to be prosecuted in order to cover their abuse of authority, and thereby violated Plaintiff's right to be free from malicious abuse of process.

56. As a result of the foregoing, Defendants have deprived Plaintiff of her civil, constitutional and statutory rights and have conspired to deprive Plaintiff of such rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. §1983)

57. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were violated while Plaintiff yelled aloud for help.

59. Defendants failed to intervene to prevent the unlawful conduct described herein which not only placed Plaintiff in fear of her safety; but allowed Plaintiff to suffer physical and emotional injuries.

60. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. §1983)

61. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "60" with the same force and effect as if fully set forth herein.

62. The supervisory defendant personally caused Plaintiff's constitutional injury by being deliberately, or consciously indifferent to the rights of others; namely Plaintiff, in failing to properly supervise and train her subordinate employees.

63. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(Assault and Battery under the laws of the State of New York)

64. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "63" with the same force and effect as if fully set forth herein.

65. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

66. As a result of the foregoing, Defendants made offensive contact with Plaintiff without privilege or consent.

67. As a result of Defendants' conduct, Plaintiff suffered physical pain, mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

68. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Negligent &Intentional Infliction of Emotional Distress
under the laws of the State of New York)

69. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "68" with the same force and effect as if fully set forth herein.

70. The aforementioned conduct was extreme and outrageous, intentional and reckless, and exceeded all reasonable bounds of decency.

71. The aforementioned conduct was committed while Defendants were acting within the scope of their employment by Defendant CITY OF NEW YORK.

72. The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant CITY OF NEW YORK.

73. The aforementioned conduct occurred for the sole purpose of causing severe emotional distress to Plaintiff.

74. As a result of defendants' conduct, Plaintiff suffered physical pain, mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and loss of freedom.

75. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

76. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "75" with the same force and effect as if fully set forth herein.

77. Plaintiff's injuries were caused by the carelessness, recklessness, and negligence of the Defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

78. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
(Respondeat Superior Liability under the laws of the State of New York)

79. Plaintiff repeats, reiterates, re-alleges each and every allegation contained in paragraphs "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

81. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus attorney's fees, costs and disbursements of this action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, NAKITA BRIM, respectfully demands judgment against defendants, jointly and severally, as follows:

a) Compensatory damages in an amount to be determined by a jury;

b) Punitive damages against the individual defendants, jointly, and severally;

c) Reasonable attorneys' fees, costs, and disbursements pursuant to 28 U.S.C. § 1988; and

d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
December 23, 2014

Respectfully submitted,

/s/

VLADIMIR RENE
Law Office of Vladimir Rene, P.C.
40 Wall Street, 28th Floor
New York, NY 10005
(212) 537-5938
Attorney for Plaintiff


| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | Civil Action No.: |
|---|---|

NAKITA BRIM

                    Plaintiff,

     -against-

THE CITY OF NEW YORK, POLICE OFFICER IVAN TORRES [SHIELD NO.13032], POLICE OFFICER MARVIN TURNBULL [SHIELD NO. 13258], PRECINCT SERGEANT "JANE DOE", POLICE OFFICER "JOHN DOE", Individually, and in their official capacities, (the names Jane and John Doe being fictitious, as the true names are presently unknown),

                    Defendants.

## SUMMONS AND COMPLAINT

### Vladimir Rene, Esq.
### Law Office of Vladimir Rene, P.C.
Attorney for Plaintiff
40 Wall Street, 28th Floor
New York, New York 10005
(212)537-5938

TO:    THE CITY OF NEW YORK
        COMPTROLLER OR SUPERVISOR
        1 Centre Street
        New York, New York 10007

The accompanying papers are being served pursuant to section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR). The undersigned, an attorney admitted to practice in the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                                   _____
                                                                   Vladimir Rene